IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HISTORIES ANTIQUES AND COLLECTABLES et al., <br><br> Plaintiffs, <br><br> v. <br><br> HORACE SAMUEL PARKER, JR., et al., <br><br> Defendants. | Case No. 24-cv-390-JFH |

### OPINION AND ORDER

This matter is before the Court on the Motion to Remand ("Motion") filed by Defendant David Allen Parker ("Defendant"). Dkt. No. 17. For the reasons set forth, the Motion is GRANTED.

Plaintiff, Histories Antiques and Collectables d/b/a Brian D. Dubuc ("Mr. Dubuc"), initiated this action on October 22, 2021, by filing a Complaint and Petition for Unlawful Eviction, Wrongful Conversion, and Tortious Breach of Contract in the District Court of Okmulgee County, Oklahoma.[1] Case No. CJ-2021-129. On May 28, 2024, Mr. Dubuc amended his Complaint and Petition, adding a cause of action for Quiet Title. On October 17, 2024, Mr. Dubuc filed a Notice of Removal, seeking to remove the action to this Court. Dkt. No. 2. Subsequently, on October 31, 2024, Mr. Dubuc filed an Amended Notice of Removal. Dkt. No. 11.

Mr. Dubuc asserts that this Court has jurisdiction to hear the case under 28 U.S.C. § 1332, which provides that the United States district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between… citizens of different states." *United Financial Casualty Company v. Rasier, LLC*, No. 21-CV-412-GKF-JFJ, 2022 WL 22694995, at *1 (N.D. Okla. June 3, 2022). The

---

[1] Defendants have not filed a countersuit or counterclaim against Mr. Dubuc.

Court need not decide whether it has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 because removal is precluded by 28 U.S.C. §§ 1441 and 1446.

The procedure for removal of civil actions from state courts is governed by §§ 1441 and 1446. Under §§ 1441 and 1446, the right of removal is limited to defendants. *See* § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)); § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (emphasis added)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-09 (1941) (finding that in limiting the class of persons entitled to remove, Congress intended to preclude removal by plaintiffs); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F. 2d 1253, 1260 (9th Cir. 1988) ("[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in federal court." (alteration in original) (internal quotation marks and citation omitted)).

The Court concludes that, even if Mr. Dubuc could have originated his action in this Court under 28 U.S.C. § 1332, he is precluded from removing the action after it was filed in state court.

On November 5, 2024, Mr. Dubuc filed a Request for Reconsideration and Consolidation. Dkt. No. 14. Because this Court has determined that removal is precluded by 28 U.S.C. §§ 1441

3

and 1446, Mr. Duboc's Request for Reconsideration and Consolidation will not be considered by this Court.

IT IS THEREFORE ORDERED that the Motion to Remand [Dkt. No. 17] is GRANTED and this matter is REMANDED to the District Court of Okmulgee County, Oklahoma.

Dated this 25th day of November 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE